# MM
Miedel & Mysliwiec LLP

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  5/5/22
```

May 4, 2022

5/5/22

Hon. Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Both cases Adj to June 14, 2022 at 11:45 AM — time excluded through Jun 14, in the interest of justice, to facilitate plea negotiations.

RE: **United States v. Jose Luis Pimentel**
93-Cr-926
94-Cr-937

Your Honor: **MEMO ENDORSED**

These cases are scheduled for a conference before this Court on May 10, at 2pm. I write with the consent of the government to request an adjournment of the conference by approximately 30 days.

Mr. Pimentel was charged in a narcotics conspiracy in 1993 (Ind. No 93-Cr-926) and released on bail. He failed to appear, and bail jumping charges were filed in 1994 (Ind. No. 94-Cr-937). On January 24, 2022, Mr. Pimentel was arrested in a nursing home in Harlem, where he has resided for over one year following a series of strokes and complications from severe diabetes. Mr. Pimentel was arraigned by phone, and the parties agreed on a bail package, approved by the Magistrate Judge, to allow Mr. Pimentel to continue to reside in the nursing home.

I have recently obtained, and disclosed to the government, nearly 2000 pages of medical records for Mr. Pimentel. The government is in the process of evaluating Mr. Pimentel's physical and mental health based on those records in order to arrive at a proper resolution of these cases. Since this process will take some time, I respectfully request an adjournment of the upcoming conference. Mr. Pimentel does not object to an exclusion of time under the Speedy Trial Act from May 10 to whatever date the Court sets, for each of the two indictments.

Secondly, with the consent of Pretrial Services and the government, I respectfully ask that a condition of Mr. Pimentel's bond, namely home detention with electronic monitoring, be removed. Pretrial Services has advised that this condition cannot be sufficiently complied with inside of a nursing home, by a defendant who is blind and immobile, does not have access to a regular phone, and has cognitive difficulties. Instead, the nursing home has indicated that it will restrict who can sign Mr. Pimentel out and for what purposes, limiting his ability to leave the facility to medical emergencies. In fact, Mr. Pimentel has not left the facility in over one year. The government and Pretrial Services are satisfied with these restrictions and therefore agree that the electronic monitoring condition can be removed from the bond. Accordingly, I respectfully request that Mr. Pimentel's bond be modified to remove the condition that requires home detention with electronic monitoring.

Bail modified to the extent the home detention with electronic monitoring condition is removed.

/s/ Colleen McMahon

80 Broad Street, Suite 1900 · New York, New York 10004 · (T) 212-616-3042 · (F) 800-507-8507 · www.fmamlaw.com

Case 1:93-cr-00926-CM Document 35 Filed 05/04/22 Page 2 of 2

2

Thank you for your consideration.

             Respectfully submitted,

                /s/

             Florian Miedel

AUSA Jun Xiang (e-mail)
Pretrial Services Officer Marlon Ovalles (email)